NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN JIMENEZ, | : |
| Petitioner, | : Civil Action No. 14-4349 (JLL) |
| v. | : OPINION |
| BRIAN RIORDAN, | : |
| Respondent. | : |

**LINARES**, District Judge:

Petitioner John Jimenez ("Petitioner") filed a Petition for a Writ of Habeas Corpus challenging his pre-trial detention at the Union County Jail in Elizabeth, New Jersey. For the reasons expressed below, this Court will construe the matter as a habeas petition pursuant to 28 U.S.C. § 2241, dismiss the petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey, and deny a certificate of appealability. *See* 28 U.S.C. § 2254, Rule 4.

**I. BACKGROUND**

Petitioner is challenging his pre-trial detention at Union County Jail arising from state criminal charges. Petitioner alleges that his bail is excessive; that the court did not have jurisdiction to issue a search warrant and conduct surveillance; that the charge "for legally prescribed medication" is a violation of due process; and that depriving Petitioner of his medication while incarcerated is cruel and unusual punishment.[1] (Pet. 7-9.) Petitioner is

---

[1] To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action. *See Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002). *See also Ganim*

requesting that this Court compel the state court to dismiss all charges against him and to immediately release him. (*Id.* at 9.)

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. *See* 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

### B. Analysis

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit*

---

*v. Federal Bureau of Prisons*, 235 F. App'x 882 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas). A challenge to any medical issues is the type of conditions of confinement claim that must be brought by way of a civil rights action or action for declaratory and injunctive relief. Petitioner may pursue these claims by filing a civil rights complaint with a properly completed application to proceed *in forma pauperis* in a civil rights action. This Court expresses no opinion as to the merits of Petitioner's medical claims.

2

*Court of Kentucky*, 410 U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). This Court has jurisdiction over the Petition under 28 U.S.C. § 2241 and construes the Petition as such. While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pre-trial habeas corpus Petition, it is clear that such relief should not be granted. Petitioner asks this Court to grant pre-trial habeas relief based on grounds related to his arrest and state pre-trial proceedings thus far. The problem with the Petition is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Moreover, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings.[2] As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

---

[2] In *Younger*, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. *See also Samuels v. Mackell*, 401 U.S. 66, 69-73 (1971) (*Younger* abstention doctrine applies to declaratory judgment actions).

3

*Ex parte Royall*, 117 U.S. at 251.

The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore*, 515 F.2d at 449. Upon careful review, this Court finds that the petition does not present any extraordinary or exceptional circumstances and is an attempt "to litigate constitutional defenses prematurely in federal court." *Id.*, 515 F.2d at 445. Petitioner is not entitled to a pretrial Writ of Habeas Corpus, and this Court will dismiss the Petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after he exhausts remedies available in the courts of the State of New Jersey. *See Duran v. Thomas*, 393 F.App'x 3 (3d Cir. 2010) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail).

## III. CERTIFICATE OF APPEALABILITY

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.

DATED: 8/25/14

Jose L. Linares, U.S.D.J.